IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARON JOSEPH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 07-CV-318-GKF-SAJ |
| | ) |
| JUSTIN JONES, Director, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations and brief in support (Dkt. #s 9 and 10). Petitioner, a state inmate appearing *pro se*, filed a response to the motion to dismiss (Dkt. # 11). Respondent's motion to dismiss is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions. For the reasons discussed below, the Court finds Petitioner failed to seek habeas corpus relief prior to expiration of the limitations period. Therefore, the motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

*BACKGROUND*

The record reflects that on June 7, 2005, Petitioner was convicted on his pleas of guilty of Trafficking in Illegal Drugs (AFCF) (Count 1), and Obstructing an Officer (Count 2), in Tulsa County District Court, Case No. CF-2004-0157. See Dkt. # 10, Ex. 1. Petitioner was sentenced on that date to twenty (20) years imprisonment on Count 1, and to six (6) months in the custody of the Tulsa County Jail on Count 2, with sentences ordered to be served concurrently. Petitioner did not move to withdraw his guilty pleas and did not otherwise perfect a *certiorari* appeal to the Oklahoma

Court of Criminal Appeals ("OCCA").

On May 17, 2006, Petitioner filed an application for post-conviction relief in the state district court. See Dkt. # 10, Ex. 1. By order filed June 22, 2006, the request for post-conviction relief was denied. Id. Petitioner appealed the district court's order denying post-conviction relief to the OCCA. By Order filed October 11, 2006, in No. PC-2006-782, the OCCA affirmed the denial of post-conviction relief. Id., Ex. 3.

Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1) on June 5, 2007.

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim

is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), or (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Because Petitioner failed to perfect a *certiorari* appeal, his conviction became final ten (10) days after pronouncement of his Judgment and Sentence, or on June 17, 2005. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw guilty plea within ten (10) days from the date of the pronouncement of the Judgement and Sentence in order to commence an appeal from any conviction of a plea of guilty); see also Fisher v. Gibson, 262 F.3d 1135, 1142 (10th Cir. 2001) (finding that for purposes of the limitations period under 28 U.S.C. § 2244(d), an Oklahoma conviction following a guilty plea became final ten days after entry of the judgment and sentence). Therefore, Petitioner's one-year limitations clock began to run on June 17, 2005, and, absent a tolling event, a federal petition for writ of habeas corpus filed after June 17, 2006, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003).

On May 17, 2006, or thirty-one (31) days prior to expiration of the one-year limitations period, Petitioner filed an application for post-conviction relief. Pursuant to 28 U.S.C. § 2244(d)(2), Petitioner is entitled to tolling of the limitations period during the pendency of his properly filed post-conviction proceeding. The OCCA concluded post-conviction review by affirming the state district court's denial of relief on October 11, 2006. Therefore, Petitioner's limitations clock

stopped running on May 17, 2006, and started running again on October 11, 2006. At that point, Petitioner had to file his federal habeas petition within the thirty-one (31) days remaining in his one-year period, or by November 13, 2006.[1] However, Petitioner waited until June 5, 2007, or more than six (6) months after expiration of the limitations period, to file his federal petition for writ of habeas corpus. As noted by Respondent, Petitioner states in his certificate of mailing that he placed his petition in the prison mailing system on May 14, 2007. See Dkt. # 1 at 13. Even if the Court were to credit Petitioner with a filing date of May 14, 2007, his petition is clearly untimely unless he demonstrates entitlement to other statutory or equitable tolling of the limitations period.

In response to the motion to dismiss, Petitioner asserts that the time-bar should be excused because his facility, a private prison in Cushing, Oklahoma, "does not have a legal research center, nor legally trained personnel . . . and the limited legal material that is located at the CCF private prison is not adequate to the perfecting of certain motions and such since many materials have/has been destroyed, stolen, or just does not exist . . . ." See Dkt. # 11 at 2. Petitioner also asserts that he falls within the exception of § 2244(d)(1)(D) by arguing that "he has diligently sought out the issues that are presented herein, but was hindered by the Respondent, either directly or indirectly and that nothing was done deliberately on his part to delay these proceedings." Id. In support of his arguments, Petitioner provides affidavits from two (2) fellow prisoners confirming his description of the limited legal resources available at the facility, as well as copies of requests to staff concerning missing and/or damaged law books. See Dkt. # 11, attached exhibits.

The Court finds that Petitioner has failed to demonstrate entitlement to either statutory or

---

[1] The thirty-first day after October 11, 2006, was Saturday, November 11, 2006. Pursuant to Fed. R. Civ. P. 6(a), Petitioner's deadline was November 13, 2006, the first business day after the deadline.

equitable tolling of the limitations period. First, the Court rejects Petitioner's claim that he is entitled to commence his one-year limitations period pursuant to § 2244(d)(1)(D). The claims asserted in the petition are: (1) ineffective assistance of counsel during plea negotiations, and (2) insufficient evidence supporting the charge of trafficking in illegal drugs (crack cocaine). See Dkt. # 1. The factual predicate of those claims could have been discovered through the exercise of due diligence at the time Petitioner entered his plea. As a result, § 2244(d)(1)(D) does not provide any benefit to Petitioner. Next, the Court rejects any claim by Petitioner that the inadequacy of his facility's legal reference materials constitutes a state impediment under § 2244(d)(1)(B) and serves to extend the limitations period. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (rejecting § 2244(d)(1)(B) claim of impediment from constitutionally inadequate access to legal materials, holding "[i]t is not enough to say that the . . . prison facility lacked all relevant statutes and case law or that the procedure to request specific material was inadequate"). As discussed above, Petitioner's one-year period began to run pursuant to § 2244(d)(1)(A), when his convictions became final.

Finally, the Court finds Petitioner has failed to demonstrate entitlement to equitable tolling. The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, where extraordinary circumstances beyond the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling. See Miller, 141 F.3d at 978; see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). In this case, Petitioner has not met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808 (stating that AEDPA's statute of limitations is subject to equitable tolling in "rare and exceptional circumstances"). Petitioner is not entitled to equitable tolling due to inadequacies of his prison's

legal research facilities. Cf. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'") (citations omitted). Petitioner's allegations in this case are conclusory and insufficient to justify equitable tolling. He neither alleges that he requested legal resources which were denied, nor explains how the lack of such resources prevented his timely filing. He presents only bare allegations regarding inadequacies in the resources available at his institution's library. Such vague and conclusory allegations do not justify equitable tolling. Cf. Miller, 141 F.3d at 978. Petitioner has failed to demonstrate that his inability to file his habeas petition within the one-year period was due to extraordinary circumstances beyond his control. Gibson, 232 F.3d at 808. Furthermore, Petitioner has not demonstrated that he pursued his federal claims diligently. He has offered no explanation for his failure to file his habeas corpus petition promptly upon conclusion of his post-conviction appeal on October 11, 2006. Although the claims raised in the habeas petition are the same claims raised in the post-conviction proceeding, Petitioner nonetheless allowed more than six (6) months to pass before filing the habeas petition. There is simply no evidence in this case that Petitioner diligently pursued his federal claims.

      Finding no statutory or equitable basis for further extending the limitations period, the Court concludes that the petition for writ of habeas corpus, filed at the earliest on May 14, 2007, is untimely. Respondent's motion to dismiss shall be granted.

## *CONCLUSION*

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. Therefore, the petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 9) is **granted**.
2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**
3. A separate judgment shall be entered in this matter.

DATED THIS 10th day of January 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

7